JOURNAL ENTRY and OPINION.
{¶ 1} Appellant David A. Gomersall appeals from a judgment of the common pleas court appointing an interim receiver pursuant to R.C 2735.01
over the general partnership, Teal Investments. On appeal, he assigns the following error for our review:
 {¶ 2} "The trial court erred in appointing an interim receiver over the partnership."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 4} Appellant David Gomersall and Appellees George B. Sobieraj, Karen Sobieraj, and Gail Chester entered into a Partnership Agreement setting forth the governance of Teal Investments. The Partnership Agreement was negotiated among and signed by all parties to this appeal. Pursuant to the terms of the Partnership Agreement, all parties agreed that Gomersall, as owner of a majority of the Partnership units, was to have full and exclusive management control over the Partnership. The Partnership owns and operates two (2) commercial office buildings located in Westlake, Ohio, and known as Teal Place. Throughout the existence of the partnership, Gomersall managed the construction and operation of the buildings. The Partnership is financially sound, pays all bills on time, and is satisfying its debt service. The buildings have had a 100% occupancy rate for the past two (2) years. For the year-end 2001, a distribution of profits in the amount of $150,000 was made to the partners.
 {¶ 5} The record reflects a dispute developed between the majority partner and the minority partners. Said dispute involves various ancillary issues; however, the main dispute involves the property located at 24600 and 24610 Detroit Road in Westlake, Ohio. On April 9, 2001, appellees filed an Amended Complaint. On May 7, 2001, the trial court appointed Bernard S. Goldfarb as Magistrate. On November 23, 2001, Magistrate Goldfarb entered a Status Quo Order regarding the proportionate partnership interest of the parties as it existed on December 31, 2000. The status quo required two-thirds (2/3) interest to be paid to Gomersall and one-third (1/3) interest to be paid to the three (3) minority partners. The Order was to remain in effect until a final determination by the trial court at the time of trial.
 {¶ 6} On April 19, 2002, the minority partners filed a Renewed Motion for Appointment of a Receiver. On May 21, 2002, the trial court held a hearing on the minority partners' Renewed Motion for Appointment of Receiver.
 {¶ 7} At the hearing, Gomersall testified to making a distribution of $150,000 to the Partnership. This represented partnership profits for the year 2001. He distributed to himself $100,000, representing his two-thirds (2/3) interest, and $26,987.50 to the minority partners. He paid the remaining balance of $23,012.50 to an escrow account to be held until the trial court made a final determination as the parties' ownership interest. He testified the minority partners' ownership interest was in dispute, because of their ongoing failure to provide needed capital to the Partnership. Gomersall said he notified them in September 2001 that their interests were being diluted pursuant to the Partnership Agreement.
 {¶ 8} Gomersall further testified he paid from the partnership's assets, attorney fees, and expert testimony costs incurred as a result of defending this action, totaling $53,000. He testified his previous attorney had advised him that it was proper because he was being sued in connection with his role as managing partner. Additionally, he was told the Partnership Agreement did not forbid the payment, and R.C. 1775.17
permitted the Partnership to pay those attorney fees. He further testified he repaid the Partnership when subsequent counsel advised him that any such fees should be reimbursed to avoid the appearance of impropriety. Gomersall testified his accounting firm, Gomersall and Associates, has been a long-term tenant of the building owned by the Partnership. He stated in the interest of the Partnership, and to secure a prospective tenant, he relocated his accounting firm from one suite to another suite that the Partnership was having difficulty leasing. He stated he paid above average rent, and he paid utility bills directly to the utility company. He further testified all the Partnership books and records are stored at, and its business is conducted out of Gomersall and Associates' office space, and he does not charge the Partnership any rent for this use.
 {¶ 9} Gail Chester, one of the minority partners testified on April 6, 2002. She, along with the other minority partners, went to the offices of Gomersall, because they had each received checks in the mail for various amounts, but without any explanation as to percentages. Gomersall told her he had made a $150,000 distribution of profits for the year 2001, taken $100,000 for himself, distributed $26,987.50 to the minority partners, and placed the disputed amount of $23,012.50 in an escrow account. She stated the Partnership Agreement required the minority partners to receive one-third of any distribution, but Gomersall had chosen to dilute the minority partners' share.
 {¶ 10} Chester further testified Gomersall's check was not written to him personally, but to a separate firm. Further, Gomersall's check was dated and cashed on March 20, 2002; the other checks were dated March 20, 2002, went out with a cover letter dated March 21, 2002, and mailed on March 31, 2002. She said the deposit to the escrow account was not made until April 9, 2002.
 {¶ 11} On July 30, 2002, the trial court issued its Order and Decision, appointing an interim receiver, to be re-evaluated after the trial on October 7, 2002. Gomersall now appeals.
The sole issue in this appeal is whether the trial court abused its discretion in appointing a receiver for this partnership. The facts are undisputed. The magistrate held a hearing and ordered the partnership's interest remain at 2/3 for Gomersall and 1/3 for the remaining partners. The order was to remain in effect until the final determination by the trial court. Instead of adhering to the formula, Gomersall distributed 150,000 of the partnership's assets by giving himself $100,000 and $26,987.50 to the minority partners and a $23,012.50 balance be placed in escrow. It was also determined that he paid $53,000 to an attorney for fees incurred in the lawsuit, which included expert cost. He later reimbursed the partnership for the use of these funds. Additionally, his firm occupied a suite in the building at less cost than it would have rented to some other prospective tenant. At the hearing for an appointment of a receiver, these facts were revealed and the trial court appointed a receiver.
 {¶ 12} "The question of whether or not a receiver will be appointed in a given case is addressed to the sound discretion of the court under all the circumstances."[1] "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[2]
With this direction in mind, we conclude the trial court did not abuse its discretion. R.C. 2735.01 gives the court the power to appoint a receiver when the funds of a partnership are at issue. In this case, the trial court felt in its discretion that the partnership assets or property were in danger of being lost, removed, or materially injured. Nothing in this record suggests to us that we should disturb that conclusion.
 {¶ 13} We recognize the appointment of a receiver is the exercise of an extraordinary, drastic and sometimes harsh power which equity possesses and is only to be exercised where the failure to do so would place the petitioning party in danger of suffering an irreparable loss or injury.[3] However, in this case, the trial court acted soundly to protect the partnership's assets through the use of a receiver.
 {¶ 14} Consequently, we are satisfied that at the hearing on the Motion for Appointment of Receiver the trial court was given the requisite proof needed to support the appointment.
Judgment affirmed.
ANNE L. KILBANE, J., and SEAN C. GALLAGHER, J., CONCUR.
[1] State, ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 73
citing South Main Akron, Inc. v. Lynn Realty, Inc. (App. 1951), 62 Ohio Law Abs. 103 and Consolidated Rail Corp. v. Fore River Ry. Co. (C.A. 1, 1988), 861 F.2d 322.
[2] Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256.
[3] Hoiles v. Watkins (1927), 117 Ohio St. 165, 174, 157 N.E. 557,559.