JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Defendants-appellants National Premier Protective Services, LLC ("NPPS") and Neal Alexander ("Alexander") (collectively referred to as "defendants") appeal from an order appointing Robert Greenwald as receiver of NPPS. For the following reasons, we reverse and remand.
 {¶ 2} A review of the record reveals the following: On January 11, 2007, plaintiffs-appellees Shawn Neece, George Malec, Donald Advey and John Platko (collectively referred to as "plaintiffs") filed a complaint seeking judicial dissolution of NPPS and declaratory judgment regarding Alexander's interest in NPPS. Plaintiffs are the original four members of NPPS. Alexander is the General Manager of NPPS. Plaintiffs allege that NPPS is close to becoming insolvent and that they have received two respectable offers from capable buyers to purchase the company. Plaintiffs allege that Alexander has expressed a desire to purchase NPPS but that his offer is insufficient to satisfy the creditors. Plaintiffs also doubt that Alexander has the financial ability to purchase NPPS.
 {¶ 3} On January 18, 2007, plaintiffs filed a "Motion for an Order of Dissolution Pursuant to R.C. 1705.47 and the Appointment of a Liquidating Trustee pursuant to R.C. 1705.44, or in the Alternative, Appointment of an Interim Receiver." This motion was not supported by an affidavit or evidence.
 {¶ 4} On January 25, 2007, defendants filed an answer and counterclaim. In their answer, Alexander claims that he is the General Manager of NPPS and that he *Page 5 
owns a 50% interest in the company. Alexander claims that he has a 50% voting right on all matters relating to NPPS.
 {¶ 5} On February 2, 2007, defendants filed a brief in opposition to plaintiffs' motion for judicial dissolution and appointment of receiver. Attached to this brief were five documents: General Manager Employment Agreement dated March 12, 2004; Operating Agreement for NPPS; Buy-Sell Agreement; Renewed General Manager Agreement; and Stock Option Agreement. These documents indicate that Alexander has a 50% voting right on all matters relating to NPPS and an unconditional option to purchase 50% of NPPS for $10.00. Alexander avers that he exercised this option on August 28, 2006 and that plaintiffs negotiated his check for $10.00.
 {¶ 6} On February 21, 2007, plaintiffs filed an amended complaint adding a claim for contractual dissolution.
 {¶ 7} On March 1, 2007, the trial court issued an order appointing a receiver to take charge and operate NPPS during the pendency of the action. The court concluded that a receiver was necessary "from the arguments of counsel." The order indicates that a hearing was held on February 26, 2007; however, there is no docket entry indicating that such a hearing was actually scheduled or held, nor is there a transcript of this hearing.
 {¶ 8} It is from this order that defendants now appeal and raise two assignments of error for our review. *Page 6 
 {¶ 9} "I. The trial court erred when it appointed a receiver without any evidence, let alone the clear and convincing evidence required."
 {¶ 10} In their first assignment of error, defendants argue that the trial court erred when it granted the plaintiffs' motion to appoint a receiver.
 {¶ 11} Initially, we note the appropriate standard of review. "Because the appointment of a receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights." Equity Ctrs. Dev. Co. v. S. Coast Ctrs.,Inc. (1992), 83 Ohio App.3d 643. The decision to appoint a receiver is within the sound discretion of the trial court. State ex rel. Celebrezzev. Gibbs (1991), 60 Ohio St.3d 69, 73. The decision to appoint a receiver will not be disturbed absent a clear abuse of discretion. Id. Appellate review of an order appointing a receiver is confined to "the purpose of determining whether there is clear and convincing evidence tending to prove the facts essential to sustain the order. Malloy v.Malloy Color Lab, Inc. (1989), 63 Ohio App.3d 434, 436.
 {¶ 12} Here, the trial court appointed a receiver based upon the "arguments of counsel." The trial court did not state what evidence it relied upon, nor did it specify which section of R.C. 2735.01, which governs the appointment of receivers, or R.C. 1705.47, which governs judicial dissolution of limited liability companies, it found relevant to the case. In fact, our review of the record does not indicate that the trial court had any evidentiary material before it tending to prove the facts essential to *Page 7 
sustain plaintiffs' motion. Plaintiffs did not file a verified complaint nor did they file any affidavits in support of their motion. Accordingly, there was no evidence, in the form of affidavits or testimony, which addressed the various issues the trial court was required to consider before appointing a receiver. For example, there was no evidence with regard to NPPS's financial status, outstanding offers to purchase receivables, Alexander's status as a member, or Alexander's ability or inability to obtain credit to buy NPPS himself.
 {¶ 13} In light of the foregoing, we conclude that there was not clear and convincing evidence to support the court's order appointing a receiver. It is not clear that a receivership is the only way to protect plaintiffs' interests. Accordingly, we find that the trial court abused its discretion when it appointed a receiver without hearing any evidence.
 {¶ 14} The first assignment of error is sustained.
 {¶ 15} "II. The trial court erred when it appointed a receiver without requiring the receiver to take the mandatory oath pursuant to O.R.C. § 2735.03."
 {¶ 16} Based upon our disposition of the previous assignment of error, this assignment of error is moot.
 {¶ 17} Judgment is reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellants recover from appellees their costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR. *Page 1