JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In this appeal assigned to the accelerated calendar pursuant to App. R. 11.1 and Loc. App. R. 11.1, defendants-appellants Rosalie and James Strachan and Danielle's Boarding Kennel, LLC (collectively, "the Strachans") appeal from the trial court order that appointed a receiver pursuant to R.C. 2735.01 to protect the property at issue in the action.
 {¶ 2} The Strachans present one assignment of error in which they assert the trial court abused its discretion in sua sponte issuing the order without conducting a hearing at which evidence could be presented.
 {¶ 3} The purpose of an accelerated appeal is to permit an appellate court to render a brief and conclusory opinion. Crawford v. EastlandShopping Mall Assn. (1983), 11 Ohio App.3d 158; App. R. 11.1(E). Upon a review of the record, this court cannot agree with the Strachans' assertion. Consequently, the trial court's order is affirmed.
 {¶ 4} Plaintiffs-appellees Denes T. Pal, D.V.M. and his "Small Animal Practice" (collectively, "Pal") instituted this action against the Strachans in February 2007.
 {¶ 5} Pal alleged in his complaint that in 1997, he, individually, and his wife, Donna, together with her parents, the Strachans, formed "Danielle's *Page 4 
Boarding Kennel," an Ohio Limited Liability Company, in order to conduct a boarding and grooming business. The company would operate in, and own, the building in which Pal had established his veterinary practice. All four individuals had an equal ownership interest in the company, but Donna and her parents ran its day-to-day operations.
 {¶ 6} In 2003, the company obtained a mortgage loan to expand the premises; each owner became secondarily liable in the event of a default on the loan payment. Donna Strachan Pal died in 2005. Simply put, subsequently, the remaining owners of the company could not agree on whether Donna's share of the business belonged to Pal or, instead, it had been "redistributed" so that each party now owned a third.
 {¶ 7} Pal presented several causes of action against the Strachans in his complaint, including breach of the company's operating agreement, tortious interference with business relationships, and conversion. Pal requested, inter alia, a decree of dissolution, the appointment of a liquidating trustee, the appointment of a receiver, and an accounting of the company's assets.
 {¶ 8} The Strachans answered the complaint and filed twelve counterclaims against Pal. Among the counterclaims, they, too, sought an accounting and dissolution of the company.
 {¶ 9} Thus, after Pal filed his answers to the counterclaims, and in view of *Page 5 
the apparent willingness of the parties to agree that dissolution was necessary, he filed a motion for an order of dissolution of the company. The Strachans, however, filed a brief objecting to the motion. They argued that premature dissolution would "accelerate the full balance due," and would hurt their ownership interests. They attached to their brief a copy of the mortgage loan documents.
 {¶ 10} The record reflects that, thereafter, the parties submitted additional briefs in support of their respective positions on the issue of whether the company should cease operations and be dissolved; evidentiary materials were attached to these briefs. On July 7, 2008, Pal submitted his sworn affidavit to the trial court.
 {¶ 11} Pal averred therein that on July 1, 2008, the Strachans had served notice on him that his practice was being evicted from the building. He stated that, since his practice was the company's "only paying tenant" in the building, its eviction would result in the company defaulting on its mortgage loan. "Accordingly, [his] family's financial well-being [was] directly implicated by the Strachans' conduct."
 {¶ 12} On July 10, 2008 the trial court sua sponte issued an order appointing a receiver for the company and its property pursuant to R.C. 2735.01. *Page 6 
 {¶ 13} The Strachans appeal from that order. They claim in their assignment of error that the trial court's action was improper, since it lacked an evidentiary basis and was entered without a hearing. This court does not agree.
 {¶ 14} The decision to appoint a receiver is vested within the sound discretion of the trial court. Collins v. Collins, Cuyahoga App. No. 87986, 2007-Ohio-283, ¶ 9, citing State ex rel. Celebrezze v. Gibbs
(1991), 51 Ohio St.3d 69, 73. No abuse of discretion occurred in this case. Id.
 {¶ 15} R.C. 2735.01 permits the appointment of a receiver by a court under certain circumstances, including, under subsection (A), "[i]n an action***between partners or others jointly owning or interested in any property***on the application of the plaintiff***when it is shown that the property***is in danger of being lost, removed or materially injured," or under subsection (F), "[i]n all other cases in which receivers have been appointed by usages of equity."
 {¶ 16} An evidentiary hearing is not required "where the court is sufficiently convinced that the property is in danger from a review of the affidavits***admissions and inferences that can be rationally drawn from these materials and from any arguments presented." Victory WhiteMetal Co. v. N.P. Motel Systems, Inc., Mahoning App. No. 04 MA 245,2005-Ohio-2706, ¶ 54.
 {¶ 17} The pleadings demonstrated that the parties each had an ownership interest in the company. Additionally, Pal's complaint set forth a claim *Page 7 
requesting the appointment of a receiver. His subsequent affidavit, in light of the other materials presented to the trial court that indicated the business property was in danger of being "materially injured," fully justified the trial court's decision to appoint a receiver in this case.Reserve Transp. Servs., Inc. v. Burbach, Cuyahoga App. Nos. 85874 and 85912, 2005-Ohio-6097; cf., Neece v. Natl. Premier Protective Servs.,LLC, Cuyahoga App. No. 89643, 2007-Ohio-5960.
 {¶ 18} In this case, the receiver was not appointed contemporaneously with the filing of the complaint, but, rather, after the trial court became thoroughly familiar with the issues as a result of pretrial hearings, its awareness of the failure of a business mediation process, and its review of the affidavits and the deposition testimony presented in connection with pretrial motions. Under these circumstances, the trial court did not abuse its discretion.
 {¶ 19} Consequently, the Strachans' assignment of error is overruled.
 {¶ 20} The trial court's order is affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to *Page 8 
Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, J., and MARY J. BOYLE, J., CONCUR. *Page 1