[Cite as *Poindexter v. Grantham*, 2011-Ohio-2915.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95413

---

## ROBERT POINDEXTER

PLAINTIFF-APPELLEE

vs.

## ESSIE GRANTHAM

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-703587

**BEFORE:** Keough, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

**ATTORNEY FOR APPELLANT**

Lester S. Potash
1717 Illuminating Building
55 Public Square
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Ronald S. Marshek
Ronald Marshek Co., L.P.A.
27600 Chagrin Boulevard
Suite 160
Woodmere Village, Ohio 44122


KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Defendant-appellant, Essie Grantham ("Grantham") appeals the trial court's judgment granting the motion for appointment of a receiver filed by plaintiff-appellee, Robert Poindexter ("Poindexter").  For the following reasons, we reverse and remand for an evidentiary hearing.

{¶ 2}  Poindexter, Grantham, and Catherine Kelso ("Kelso") are siblings, each having an interest in three parcels of real property located in Cleveland, Ohio.  In September 2009,

Poindexter filed a declaratory judgment action against Grantham and Kelso seeking an order declaring (1) the termination of Grantham and Kelso's ownership interest in and to the three properties; (2) an accounting from Grantham and Kelso; and (3) the appointment of a receiver for the properties located at 13603 and 13605 Crennell Avenue.[1]

{¶ 3} In April 2010, Poindexter filed a motion with the trial court to appoint a receiver over the properties located at 13603 and 13605 Crennell Avenue. The motion was scheduled for an evidentiary hearing on June 17, 2010.

{¶ 4} According to the trial court's App.R. 9(C) Statement of the Evidence or Proceedings, the hearing was not conducted; rather, the trial judge and the parties met in the court's jury room to discuss Poindexter's motion and determine whether they could resolve the matter. After the court determined that the matter could not be resolved, the trial court granted Poindexter's motion and requested that the parties mutually agree on the selection of a receiver. The trial court subsequently granted the parties' joint motion appointing Robert Gutner as the agreed-upon receiver.

{¶ 5} R.C. 2735.01 permits a court to appoint a receiver under certain circumstances. In this case, Poindexter alleged in his motion that a receiver was necessary pursuant to R.C. 2735.01(A) and (F), which provide that a receiver may be appointed:

---

[1]Poindexter did not request that a receiver be appointed for 13607 Crennell Avenue, where he resides.

{¶ 6} "(A) In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject property or a fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured; [and]

{¶ 7} * * *

{¶ 8} "(F) In all other cases in which receivers have been appointed by the usages of equity."

{¶ 9} "Because the appointment of a receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights." *Equity Ctrs. Dev. Co. v. S. Coast Ctrs. Inc.* (1992), 83 Ohio App.3d 643, 649-650, 615 N.E.2d 662. The decision to appoint a receiver is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 73, 573 N.E.2d 62. "A court in exercising its discretion to appoint or refuse to appoint a receiver must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies." Id.

{¶ 10} Provided there is evidence "tending to prove the facts essential to sustain the order," a reviewing court must uphold a trial court's appointment of a receiver. *Equity Ctrs.* at 649-650, citing *Malloy v. Malloy Color Lab., Inc.* (1989), 63 Ohio App.3d 434, 436, 579 N.E.2d 248. "Such order may be reversed only where there is failure of proof which would be essential to support the order, * * *." Id., citing *Wilgus v. Arthur* (1943), 72 Ohio App. 511, 53 N.E.2d 197.

{¶ 11} Grantham argues that the trial court abused its discretion in appointing a receiver because the trial court (1) failed to conduct an evidentiary hearing prior to the appointment of the receiver; (2) failed to provide an explanation for the appointment of the receiver; (3) appointed a receiver absent clear and convincing evidence as to irreparable loss; and (4) appointed a receiver absent grounds set forth in R.C. 2735.01. We find merit to the appeal.

{¶ 12} The trial court did not conduct an evidentiary hearing regarding Poindexter's motion. The trial court's App.R. 9(C) statement does not indicate the evidentiary proof it relied upon in granting the motion; it merely provides that the trial court granted Poindexter's motion to appoint a receiver "after hearing both sides of the issue [off the record in the court's jury room], and after having been familiar with the circumstances of this case for several months." This statement is insufficient to provide meaningful appellate review of this matter. Moreover, the trial court acknowledged that it did not receive any testimony or exhibits. Absent some basis for the appointment of the receiver, we cannot determine whether evidence "tending to prove the facts essential to sustain the order," was presented and relied upon by the

trial court. *Equity Ctrs.*, supra. Poindexter had the burden of providing clear and convincing evidence to the trial court that a receiver was "necessary for the preservation of the complainant's rights." Id. From the record, it is uncertain whether Poindexter satisfied this burden.

{¶ 13} Poindexter cites *Victory White Metal v. N.P. Motel Sys., Inc.*, Mahoning App. No. 04 MA 245, 2005-Ohio-2706, for the proposition that an evidentiary hearing was not required. However, we find that case distinguishable from the case before us. In *Victory White Metal*, the court recognized that the trial court did not merely have arguments of counsel before ruling on the pending motion; rather, it had affidavits with attachments, evidence of property transfer, and admissions by the nonmovant that evidenced "that the property was in danger of being lost, removed, or materially injured." *Victory White Metal* at _54. Therefore, appellate review of the *Victory White Metal* trial court's rationale and decision in appointing a receiver was not limited to a court's App.R. 9(C) statement and blanket journal entry granting such motion.

{¶ 14} Although a trial court is not statutorily obligated to conduct a hearing, this court has held that a trial court abuses its discretion in failing to consider evidentiary material prior to appointing a receiver. *Neece v. Natl. Premier Protective Servs., LLC*, Cuyahoga App. No. 89643, 2007-Ohio-5960. In *Neece*, this court held that the trial court abused its discretion when it appointed a receiver without conducting a hearing on the evidence when there was no evidence in the record that addressed the issues the trial court was required to consider before

appointing a receiver. The trial court appointed a receiver "based upon the 'arguments of counsel.'" Id. at _12. This court, in holding that an evidentiary hearing should have been held, noted that the trial court did not provide what evidence it relied on in appointing the receiver or what section of R.C. 2735.01 it found relevant to the case. Id. Furthermore, this court recognized that the trial court had no evidentiary material before it. Id. The facts before us are similar to those in *Neece*.

{¶ 15} Here, the trial court granted Poindexter's motion to appoint a receiver "after hearing both sides of the issue." But the App.R. 9(C) statement demonstrates that the trial court did not hear any testimony or receive any exhibits. Furthermore, the trial court did not indicate what evidence it relied on in granting Poindexter's motion, nor did it make any findings in its journal entry. Our review of Poindexter's motion indicates that the only documentation attached to his motion was his affidavit that does not provide any evidentiary support for appointing a receiver. It merely contains unsubstantiated allegations. Nevertheless, neither the App.R. 9(C) statement nor the judgment entry indicate that the court relied on Poindexter's affidavit. Furthermore, the trial court did not specify which section of R.C. 2735.01 it found relevant to the case.

{¶ 16} Because appointment of a receiver is an extraordinary measure, we find it imperative that the trial court "take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the

parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies" and set forth its rationale in making its decision. *Gibbs* at 73.

{¶ 17} Although we recognize that the trial court may have been familiar with the parties, facts, and circumstances of the case, we find that the trial court erred in rendering its decision without hearing any evidence and setting forth its rationale for granting Poindexter's motion for appointment of a receiver. See *Tarantino v. Portale*, 174 Ohio App.3d 749, 2008-Ohio-315, 884 N.E.2d 659 (trial court abused its discretion in appointing a receiver when the journal entry granting the motion for appointment of a receiver provides no explanation).

{¶ 18} Accordingly, we sustain Grantham's assignment of error. This case is reversed and remanded with instructions for the trial court to conduct an evidentiary hearing on Poindexter's motion to appoint a receiver.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

PATRICIA A. BLACKMON, P.J., CONCURS

LARRY A. JONES, J., DISSENTS WITH SEPARATE OPINION
**LARRY A. JONES, J., DISSENTING:**

**{¶ 19}** Respectfully I dissent. I would affirm the judgment of the trial court granting the motion for appointment of a receiver.

**{¶ 20}** In Ohio, it is well established that a judge of the common pleas court has statutory authority to appoint a receiver when necessary to preserve the petitioning party's rights. R.C. 2735.01. An evidentiary hearing is not required "where the court is sufficiently convinced that the property is in danger from a review of the affidavits * * * admissions and inferences that can be rationally drawn from these materials and from any arguments presented." *Victory White Metal*, supra at ¶54.

**{¶ 21}** The pleadings demonstrate that the parties each have an ownership interest in the subject properties. Poindexter's complaint set forth a claim requesting the appointment of a receiver and he filed an affidavit that indicated the properties were in danger of being materially injured or lost due to nonpayment of the mortgage, that justified the trial court's decision to appoint a receiver in this case. See *Pal v. Strachan*, Cuyahoga App. No. 91808, 2009-Ohio-730, citing *Reserve Transp. Servs., Inc. v. Burbach*, Cuyahoga App. Nos. 85874 and 85912, 2005-Ohio-6097.

**{¶ 22}** In this case, as in *Pal*, the receiver was not appointed contemporaneously with the filing of the complaint, but, rather, after the trial court became thoroughly familiar with the parties, facts, and issues as a result of pretrial hearings and its review of the affidavits and

pleadings. Moreover, the parties filed a joint motion suggesting Robert Gunther as the receiver. Under these circumstances, I would find no abuse of discretion.

{¶ 23} The parties have been in litigation for more than a year and a half and I would find that Poindexter set forth sufficient evidence to justify the trial court's appointment of a receiver.

{¶ 24} Accordingly, I would affirm the decision of the trial court.