**TARANTINO, d.b.a. La Dolce Vita, Appellee,**

**v.**

**Joseph PORTALE et al.; Flynn Properties, L.L.C., Appellant.**

[Cite as *Tarantino v. Portale,* 174 Ohio App.3d 749, 2008-Ohio-315.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89376.

Decided Jan. 31, 2008.

George N. Wukovich;  and Synenberg & Associates, L.L.C., and Roger M. Synenberg, for appellee.

John B. Ertle, for appellant.

MARY EILEEN KILBANE, Judge.

{¶ 1} On March 22, 2000, plaintiff-appellee Terrence Tarantino, d.b.a. La Dolce Vita ("Tarantino"), filed a complaint, a motion for a temporary restraining order, and a motion for a preliminary injunction against defendants-appellants, Joseph Portale ("Portale"), Michael Mann ("Michael"), Thomas Mann ("Thomas"), and later, new party defendant Flynn Properties, L.L.C. ("Flynn"). Tarantino amended his complaint to allege breach of lease, breach of oral contract, unjust enrichment or detrimental reliance, assault, battery, false imprisonment, tortious interference, negligence or nuisance, breach of contract, reformation of lease, and fraud.

{¶ 2} The dispute between the parties arose out of property owned by defendants-appellants and leased to Tarantino, namely, 12106, 12108, and 12112 Mayfield Road in Cleveland, Ohio, in which Tarantino conducts his business as La Dolce Vita Bistro, L.L.C. Tarantino alleged, among other things, that Portale, Michael, and Thomas, and their predecessor, Flynn, failed to make repairs when water seepage damaged a portion of the ceiling.

{¶ 3} The trial court granted Tarantino's motion for a temporary restraining order and set a hearing on his motion for a preliminary injunction for April 5, 2000. On April 5, 2000, the trial court denied Tarantino's motion for a preliminary injunction.

{¶ 4} On September 27, 2005, the trial court referred the case for mediation with a private mediator, and on July 21, 2006, the parties submitted a dismissal entry. Within the agreed entry, the parties agreed to prepare a new lease agreement and withdraw all pending motions, and to make certain payments amongst themselves. On August 21, 2006, the parties executed a lease agreement.

{¶ 5} On December 4, 2006, Tarantino filed a motion for appointment of a receiver. In his motion, Tarantino asked the trial court to appoint a receiver to conduct Flynn's business affairs. Tarantino argued that Flynn failed to pay the water and sewer bill as required under the lease agreement and also failed to make plumbing and cosmetic repairs as required under the lease agreement. As a result, Tarantino argued that he was forced to pay for the aforementioned items personally.

{¶ 6} The trial court granted Tarantino's motion for appointment of a receiver and appointed Kenneth Fisher to act as receiver. Flynn appealed and asserted four assignments of error for our review.

ASSIGNMENT OF ERROR NUMBER ONE

The trial court erred and abused its discretion when it appointed a receiver in this case, without first having determined, by clear and convincing evidence at a hearing, that such appointment was necessary and/or authorized.

{¶ 7} Appellate courts apply an abuse-of-discretion standard when reviewing a trial court's order appointing a receiver. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 8} Furthermore, "[a]ppellate review of an order appointing a receiver is confined to the purpose of determining whether there is clear and convincing evidence tending to prove the facts essential to sustain the order." *Neece v. Natl. Premier Protective Servs., L.L.C.*, Cuyahoga App. No. 89643, 2007-Ohio-5960, 2007 WL 3293386.

{¶ 9} Pursuant to R.C. 2735.01:

A receiver may be appointed by * * * the court of common pleas * * * in causes pending in such courts respectively, in the following cases:

(A) In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject property or a fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;

(B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt;

(C) After judgment, to carry the judgment into effect;

(D) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment;

(E) When a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights;

(F) In all other cases in which receivers have been appointed by the usages of equity.

{¶ 10} In the case sub judice, it does not appear that the established receivership serves any of the aforementioned purposes. The journal entry granting Tarantino's motion for appointment of a receiver provides no explanation. However, Tarantino's motion is premised upon the argument that he has an interest in Flynn's assets. At most, we can find only that Tarantino has a leasehold interest in the Mayfield Road properties owned by Flynn pursuant to the parties' lease agreement dated August 1, 2006, or may have a claim for money damages pursuant to issues arising out of the August 1, 2006 lease agreement.

{¶ 11} Furthermore, the August 1, 2006 lease agreement is not part of the litigation in the instant case. The agreed entry submitted to the court on July 21, 2006, merely indicates that the parties will execute a new lease agreement. The effective date of the lease agreement, August 1, 2006, is *after* the date of settlement in the instant case. Thus, we cannot find clear and convincing evidence tending to prove the facts essential to sustain the order appointing a receiver.

{¶ 12} Flynn's first assignment of error is sustained.

ASSIGNMENT OF ERROR NUMBER TWO

The trial court erred in appointing a receiver in a closed case.

{¶ 13} Pursuant to our analysis in assignment of error number one, we find this assignment of error to be moot.

ASSIGNMENT OF ERROR NUMBER THREE

The trial court erred in appointing a receiver on a claim for money only, without any pending underlying action.

{¶ 14} Pursuant to our analysis in assignment of error number one, this assignment of error is moot.

ASSIGNMENT OF ERROR NUMBER FOUR

The trial court erred by entering an order purporting to set forth the powers and duties of the receiver after the notice of appeal had been filed and while the trial court was divested of jurisdiction.

{¶ 15} Pursuant to our analysis in assignment of error number one, this assignment of error is moot.

Judgment reversed.

Rocco, J., concurs.

Calabrese Jr., P.J., dissents.

ANTHONY O. CALABRESE JR., Presiding Judge, dissenting.

{¶ 16} I respectfully dissent from my learned colleagues in the majority. In Ohio, it is well established that a judge of the common pleas court has statutory authority to appoint a receiver when necessary to preserve the petitioning party's rights. R.C. 2735.01. The trial court recognizes that it has long been held that Ohio courts should exercise this sometimes harsh power only where the failure to do so would place the petitioning party in danger of suffering an irreparable loss or injury. *Sobieraj v. Gomersall,* Cuyahoga App. No. 81708, 2003–Ohio–4339, 2003 WL 21954758, citing *Hoiles v. Watkins* (1927), 117 Ohio St. 165, 174, 157 N.E. 557.

{¶ 17} The Cuyahoga County Common Pleas Court recognizes it has long been held that the decision of whether or not a receiver will be appointed in a given case is addressed to the sound discretion of the trial court under all circumstances, and the trial court's decision to appoint a receiver cannot be reversed absent a clear abuse of discretion. *Sobieraj,* citing *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 573 N.E.2d 62.

{¶ 18} Accordingly, I would affirm the lower court.