JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Defendant-appellant, Flynn Properties, LLC, appeals the trial court's decision to grant plaintiff-appellee, Terrence Tarantino dba La Dolce Vita's ("Tarantino"), motion to appoint a receiver.
 {¶ 2} In 2000, Tarantino filed a complaint against his landlord, Flynn Properties, in regard to the space he leases for his restaurant, La Dolce Vita.
 {¶ 3} In 2006, the parties agreed to settle the case and submitted a joint dismissal entry. Within the agreed entry, Tarantino and Flynn Properties agreed to prepare a new lease agreement, which was executed in August 2006. The agreed entry indicated that the case would be "dismissed with prejudice, with the Court to retain jurisdiction over the enforcement of the Settlement Agreement."
 {¶ 4} In December 2006, Tarantino filed a motion for appointment of a receiver, requesting the trial court appoint a receiver to conduct Flynn Properties' business affairs. Tarantino argued that Flynn Properties failed to pay certain utility bills and make repairs as required under the new lease agreement.
 {¶ 5} The trial court granted Tarantino's motion for appointment of a receiver, and Flynn Properties appealed. We reversed the decision of the trial court, finding that the trial court abused its discretion in appointing the receiver. Tarantino v. Portale, 174 Ohio App.3d 749,2008-Ohio-315, 884 N.E.2d 659.
 {¶ 6} On February 7, 2008, Tarantino again moved the trial court to appoint a receiver. The trial court held a hearing the same day and granted the motion. The trial court also granted the motion of mortgage holder, JDI Murray Hill, LLC, to *Page 5 
intervene in the case and issued an order stating that, pursuant to the settlement agreement, the court continued to exercise jurisdiction over the settlement agreement.
 {¶ 7} Flynn Properties filed the current notice of appeal and also moved to stay the trial court's order appointing a receiver pending the appeal. We granted the motion to stay. The receiver in this case filed an application for receivership fees with our court. We remanded the case to the lower court for the limited purpose of reviewing the application for receivership fees. The court then entered an order allowing for the fees and a subsequent order terminating the receivership.
 {¶ 8} Flynn Properties has raised seven assignments of error for our review, which challenge the trial court's jurisdiction in re-appointing the receiver. We find that we are unable to reach the merits of the appeal as the appeal is moot.
 {¶ 9} It is a long standing proposition that in determining whether a case is moot, "[t]he duty of this court, as of every judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." State ex rel. ElizaJennings, Inc. v. Noble (1990), 49 Ohio St.3d 71, 74, 551 N.E.2d 128, quoting Miner v. Witt (1910), 82 Ohio St. 237, 238-239, 92 N.E. 21, 22l; see, also, In re Bailey, Hamilton App. Nos. C-040014 and C-040479,2005-Ohio-3039. "It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, *Page 6 
if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." Id. Thus, when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues. In re Bailey, citingNoble and Hamilton Cty. Comm. Mental Health Bd. v. Wells (Nov. 8, 1995), Hamilton App. No. C-940716.
 {¶ 10} In October 2008, the trial court issued a judgment entry terminating the receivership. Flynn Properties did not appeal or otherwise attempt to challenge that order. In this appeal, Flynn Properties has failed to argue why its appeal is not now moot or what alternative relief may be afforded to the company now that its claim that the trial court incorrectly appointed a receiver is no longer viable. We find that we cannot render a judgment that could be carried into effect as the receivership has been terminated.
 {¶ 11} Having held that the case is moot, we hereby dismiss the appeal.
Appeal dismissed.
It is ordered that appellees recover of appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
PATRICIA A. BLACKMON, P.J., and MELODY J. STEWART, J., CONCUR *Page 1