[Cite as *N. Trust Bank FSB v. Bolognue Holdings, Inc.*, 2012-Ohio-4913.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| NORTHERN TRUST BANK, FSB | C.A. No. 26290 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BOLOGNUE HOLDINGS, INC. et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. CV-2011-07-3843 |

DECISION AND JOURNAL ENTRY

Dated: October 24, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} Northern Trust Bank FSB obtained a cognovit judgment against Bolognue Holdings Inc., Apple Purchasing Inc., Joseph Bolognue, Michael Bolognue, and Frank Bolognue. The trial court later appointed a receiver over Bolognue Holdings and Apple Purchasing. It also enjoined the Bolognues from interfering with the acts of the receiver. Shortly after the receiver took control of the companies, the bank moved to amend the receivership order to give the receiver additional powers. It alleged that the Bolognues were circumventing the order by conducting business under a different name. The trial court granted its motion. Bolognue Holdings, Apple Purchasing, Joseph Bolognue, and Michael Bolognue have appealed, assigning as error that the court incorrectly granted the bank's motion. We dismiss the appeal as moot because the receivership has been terminated and the Bolognues and the corporations have not established that there is any further relief this court could grant them.

## MOOTNESS

{¶2} The Bolognues and the corporations' assignment of error is that the trial court's order modifying the receivership improperly allows the receiver to take control of non-party entities and to seize such entities without clear and convincing evidence. Before reaching that issue, we note that, a few months after the Bolognues and the corporations filed their notice of appeal, the trial court entered an order terminating the receivership. In that order, the court released the receiver and his agents from any liability arising out of the performance of his duties. The Bolognues and the corporations have separately appealed the termination order, case number 26468, but have limited their assignments of error to questions regarding the release of liability. They have not argued that any of the actions that the receiver took were improper under Ohio law.

{¶3} The Ohio Supreme Court has held that "[a] 'case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.' . . . 'It is not the duty of the court to answer moot questions, and when, pending proceedings . . . in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition . . . .'" *State ex rel. Gaylor Inc. v. Goodenow*, 125 Ohio St. 3d 407, 2010-Ohio-1844, ¶ 10 (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979); *Miner v. Witt*, 82 Ohio St. 237, syllabus (1910)). It has also held that a court may consider evidence that is outside the record to determine if a case is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St. 3d 227, 228 (2000); *State ex rel. Grove v. Nadel*, 84 Ohio St. 3d 252, 253 (1998).

{¶4} The Bolognues and the corporations have argued that this case is not moot because the receiver's initial report shows that he investigated, demanded money from, and

attempted to exercise control over several non-party entities. The report indicates that the receiver "sought substantial information about the subsidiaries, affiliates, and dbas of the Receivership Entities." It also indicates that the receiver identified nine entities that it suspected the Bolognues were using to carry on their business and that his investigation of those organizations was "ongoing." The receiver's final report does not indicate that anything ever came of those investigations or his financial demands. In addition, the Bolognues and the corporations have not identified any assets that the receiver took control of under the guise of authority that is the subject of their appeal. Accordingly, since the power of the receiver has terminated and there is no allegation that he improperly seized or disposed of any assets, we conclude that this appeal is moot. *See Tarantino v. Flynn Props. L.L.C.*, 8th Dist. No. 91060, 2009-Ohio-1680, ¶ 9-10.

## CONCLUSION

**{¶5}** Because the receivership has been terminated, there is no relief that this Court can grant that will remedy the trial court's alleged errors. The appeal is dismissed as moot.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

> CLAIR E. DICKINSON
> FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

DONALD W. DAVID, JR and ADAM D. FULLER, Attorneys at Law, for Appellants.

ROBERT R. KRACHT, KIMBERLY A. BRENNAN, and CHRISTINA E. NIRO, Attorneys at Law, for Appellee.