[Cite as *Lloyd v. Rogerson*, 2022-Ohio-414.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| SUSAN LLOYD | C.A. No. 20AP0011 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUSTIN ROGERSON | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | CASE No. 2016 CVH 000321 |

DECISION AND JOURNAL ENTRY

Dated: February 14, 2022

TEODOSIO, Judge.

{¶1} Plaintiff-Appellant, Susan Lloyd, appeals from the judgment of the Wayne County Court of Common Pleas. This Court dismisses the appeal.

I.

{¶2} This is the second time this matter has come before the Court. Because we previously set forth a detailed recitation of the facts underlying this matter in *Lloyd v. Rogerson*, 9th Dist. Wayne No. 18AP0024, 2019-Ohio-2606, only a brief summary of the pertinent facts follows.

{¶3} Ms. Lloyd and Justin Rogerson were formally adjoining neighbors in an apartment complex, which was advertised as being smoke-free. A contentious dispute between them arose because Ms. Lloyd suffered from health conditions that were aggravated by smoke and she believed Mr. Rogerson routinely smoked on his property. The dispute ultimately led to Ms. Lloyd filing a complaint against Mr. Rogerson for negligence and willful and wanton

misconduct. Ms. Lloyd alleged that Mr. Rogerson's smoking injured her person and damaged her property.

{¶4} Following discovery, Mr. Rogerson moved for summary judgment, and Ms. Lloyd filed a response. The trial court granted summary judgment in favor of Mr. Rogerson on each of Ms. Lloyd's claims, and Ms. Lloyd appealed. On appeal, this Court affirmed the trial court's judgment with respect to the personal injury aspect of Ms. Lloyd's negligence claim and her claim that Mr. Rogerson's smoking amounted to willful and wanton misconduct. *Lloyd* at ¶ 39-46, 50-52. We also determined, however, that genuine issues of material fact remained as to whether Ms. Lloyd had established her negligence claim for property damage. *Id.* at ¶ 47-49. Consequently, we reversed that aspect of the trial court's summary judgment award and remanded the matter for further proceedings. *Id.* at ¶ 80.

{¶5} On remand, the trial court issued a scheduling order for the completion of discovery, the filing of motions for summary judgment, and a jury trial on Ms. Lloyd's negligence claim for property damage. Mr. Rogerson filed a motion for summary judgment pursuant to the court's order. Ms. Lloyd then filed a motion to strike Mr. Rogerson's motion for summary judgment or, in the alternative, a brief in opposition to it. The trial court denied the motion to strike and afforded Ms. Lloyd additional time to supplement her brief in opposition if she chose to do so. On April 2, 2020, eight days before that additional period expired, the trial court issued a judgment entry and granted Mr. Rogerson's motion for summary judgment.

{¶6} Ms. Lloyd filed a Civ.R. 60(B) motion for relief from judgment based on the trial court having ruled on Mr. Rogerson's motion eight days early. She also filed a motion for sanctions against Mr. Rogerson and his attorney, arguing that Mr. Rogerson's motion for summary judgment was frivolous. Once the trial court denied her motion for sanctions, Ms.

Lloyd appealed from its April 2nd ruling on Mr. Rogerson's motion for summary judgment and its denial of her motion for sanctions.

{¶7} Because the trial court had not yet ruled on Ms. Lloyd's motion for relief from judgment when she appealed, Ms. Lloyd obtained a stay of her appeal and a remand for the purpose of allowing the trial court to rule on her Civ.R. 60(B) motion. This Court remanded the matter for a period of sixty days and later granted two extensions of that stay so that the trial court might rule on Ms. Lloyd's Civ.R. 60(B) motion. Following the expiration of the remand period, the appeal proceeded to briefing and argument. Ms. Lloyd never moved to amend her notice of appeal to include any additional judgment entries the trial court may have issued.

{¶8} Ms. Lloyd now appeals from the trial court's rulings on Mr. Rogerson's motion for summary judgment and her motion for sanctions. She raises three assignments of error for our review. To facilitate our analysis, we consolidate her assignments of error.

II.

{¶9} Initially, we note that Ms. Lloyd appears before this Court pro se. This Court has observed that

> pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that [she] remains subject to the same rules and procedures to which represented litigants are bound. [She] is not given greater rights than represented parties, and must bear the consequences of [her] mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. Accordingly, we will address Ms. Lloyd's assignments of error with this standard in mind.

## ASSIGNMENT OF ERROR I

THE TRAIL (sic) COURT COMMITTED REVERSIBLE ERROR AND AN ABUSE OF DISCRETION BY REFUSING TO ABIDE BY APPEALS COURT ORDERS AND REMANDING CASE FOR FURTHER PROCEEDINGS.

## ASSIGNMENT OF ERROR II

THE TRAIL (sic) COURT COMMITTED REVERSIBLE ERROR AND AN ABUSE OF DISCRETION BY DENYING LLOYDS (sic) MOTION FOR SANCTIONS.

## ASSIGNMENT OF ERROR III

THE TRAIL (sic) COURT COMMITTED REVERSIBLE ERROR AND AN ABUSE OF DISCRETION BY REFUSING TO RULE ON AND/OR DENYING LLOYDS (sic) 60B MOTION[.]

{¶10} In her first assignment of error, Ms. Lloyd argues that the trial court erred by disregarding this Court's order on remand and dismissing her case without conducting further proceedings. In her second assignment of error, she argues that the trial court erred when it denied her motion to sanction Mr. Rogerson and his attorney based on their having filed a frivolous motion for summary judgment. Finally, in her third assignment of error, Ms. Lloyd argues that the trial court erred by refusing to rule on and/or by denying the motion for relief from judgment that she filed on April 9, 2020. Upon review, the appeal is dismissed.

{¶11} "An appeal is initiated when the appellant files a notice of appeal." *State v. Hamilton*, 9th Dist. Lorain No. 17CA011143, 2018-Ohio-2551, ¶ 10. "The notice of appeal * * * shall designate the judgment, order or part thereof ap[p]ealed from * * *." App.R. 3(D). "An appellate court 'is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.'" *State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶ 7, quoting *Slone v. Bd. of Embalmers & Funeral Dirs. of Ohio*, 123 Ohio App.3d 545, 548 (8th Dist.1997). "If a party seeks to include additional judgments or orders subsequently decided by the trial court in the same proceeding, App.R. 3(F) permits the party to amend his or her appeal

to add such judgments or orders." *Dixon* at ¶ 6. Absent an amendment, an appellate court generally may not consider any subsequent orders. *See U.S. Bank Natl. Assoc. v. Harper*, 9th Dist. Lorain No. 19CA011499, 2020-Ohio-4674, ¶ 36. An exception to that general rule applies if subsequent events or orders render a matter moot. *See Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472 (1992) ("[A]n event that causes a case to become moot may be proved by extrinsic evidence outside the record."); *N. Trust Bank FSB v. Bolognue Holdings, Inc.*, 9th Dist. Summit No. 26290, 2012-Ohio-4913, ¶ 3 ("'[A] court may consider evidence that is outside the record to determine if a case is moot.").

{¶12} Ms. Lloyd only appealed from two rulings: a judgment the trial court issued on April 2, 2020, and an order it issued on April 23, 2020. The April 2nd judgment awarded summary judgment in favor of Mr. Rogerson, and the April 23rd order denied Ms. Lloyd's motion for sanctions. Once Ms. Lloyd appealed from those rulings, she sought a limited remand for the purpose of allowing the trial court to rule on the Civ.R. 60(B) motion she had filed on April 9, 2020. This Court granted her request, issued a stay, and remanded the matter for the trial court to rule on her Civ.R. 60(B) motion. A review of the trial court's docket reveals that the trial court granted Ms. Lloyd's motion for relief from judgment. *See N. Trust Bank FSB* at ¶ 3. By granting her relief from its April 2nd judgment, the trial court effectively vacated that judgment. To the extent Ms. Lloyd's appeal stems from the trial court's April 2nd judgment, the appeal is moot and must be dismissed. *See Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 6.

{¶13} The only other order Ms. Lloyd designated in her notice of appeal was the trial court's April 23rd order. That order denied her motion for sanctions against Mr. Rogerson and his attorney based on their having filed a motion for summary judgment. Given that the trial

court vacated its summary judgment award upon limited remand from this Court, we must conclude that Ms. Lloyd's appeal from the trial court's April 23rd order is premature. At the time Ms. Lloyd filed her appeal, the trial court had not yet ruled on Mr. Rogerson's motion for summary judgment,[1] so any argument that his motion is frivolous is not yet ripe for review. To the extent Ms. Lloyd has appealed from the court's April 23rd order, her appeal is premature.

III.

**{¶14}** Ms. Lloyd's appeal from the trial court's summary judgment award is moot, and the remainder of her appeal is premature. Consistent with the foregoing opinion, the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

---

[1] Apart from considering matters beyond the record to determine mootness, this Court's review is confined to the record before us on appeal.

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

SUSAN LLOYD, pro se, Appellant.

TERRENCE J. KENNEALLY and SEAN M. KENNEALLY, Attorneys at Law, for Appellee.